IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:10CV21-RLV

| | | |
|---|---|---|
| TERESA WALSH SMITHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| TYSON FOODS, INC., and | ) | |
| HEALTHCARE RECOVERIES | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendant and Counter-Claimant Tyson Foods, Inc., and Defendant Healthcare Recoveries, Inc.'s (collectively, "Defendants") Motion for Summary Judgment on all pleadings and the accompanying Memorandum in Support (Doc. 15), filed January 26, 2011; Plaintiff Teresa Smithey's Motion for Summary Judgment on all pleadings and Response to Defendant and Counter-Claimant's Motion for Summary Judgment, and the accompanying Memorandum in Support (Docs. 18, 19), filed March 15, 2011; and Defendants' Response to Plaintiff's Motion for Summary Judgment on all pleadings and Reply to Plaintiff's objection to Defendants' Motion for Summary Judgment (Doc. 20), filed March 3, 2011. This matter is ripe for disposition

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from Plaintiff Smithey's refusal to reimburse Defendants Tyson Foods, Inc. and Healthcare Recoveries, Inc. from her settlement funds in accordance with the provisions of the Tyson Health Care Benefit Plan Trust ("Plan"). At all relevant times, Plaintiff was a participant and/or beneficiary in the Plan, which includes express language providing for

Defendants' first priority reimbursement right as against any personal injury recovery that Plaintiff receives from a third party. (Compl., ¶ 15; Answer & Counterclaim ¶¶ 6, 9.) Specifically, the Plan states in relevant part:

> [T]he Plan Administrator may elect to advance payment for health expenses incurred for an injury or illness caused by such other party. In the event the Plan Administrator makes such election, the covered person, by receipt of benefits, agrees to reimburse the Plan Administrator for advances of health expenses if and when such person receives payment for the injury from any person or business entity. The Plan's right of first recovery exists even if the covered person has not been fully compensated or made whole and even if the covered person makes only a partial recovery of his/her damages.

(Doc. 5-1, Ex. A.)

On January 28, 2007, Plaintiff was injured in an automobile collision involving John Michael Mitchell and Ronnie Lee Moore. (Compl., ¶ 4; Answer & Counterclaim ¶ 7.) Following the accident, Defendants advanced $53,311.39 in benefits to Plaintiff as part of the Plan. (Answer & Counterclaim ¶ 8.) On September 21, 2007, Plaintiff initiated action in the Civil Superior Court Division for Wilkes County to recover against Ronnie Lee Moore and the Estate of John Michael Mitchell. (Compl., ¶ 4.) A settlement agreement was reached with the Estate of John Michael Mitchell for $50,000, and a Mediated Settlement Agreement was reached with Ronnie Lee Moore for $17,500. (Compl., ¶ 4; Answer & Counterclaim ¶¶ 11, 13.) Plaintiff admits that she is in actual or constructive possession of the settlement funds. (Answer & Counterclaim ¶¶ 12, 16; Plaintiff's Answer to Counterclaim ¶ 12.)

Following Plaintiff's settlement, Gibson & Sharps, Attorneys at Law, notified Plaintiff that Defendants had a claim against the $17,500 mediation settlement in the Wilkes County Action. (Compl., ¶ 5.) In response, Plaintiff filed a Declaratory Judgment action pursuant to Rule 57 of the United States Federal Rules of Civil Procedure, 28 U.S.C. § 2201, and N.C. Gen. Stat. §§ 1-253 and 1-254 on February 24, 2010. (Compl., ¶ 5.) Defendants answered and filed a

counterclaim for equitable relief to enforce the terms of the Plan. (Answer & Counterclaim ¶ 1.) Plaintiff then responded to Defendants' counterclaims on May 18, 2010.

On January 26, 2011, Defendants filed a Motion for Summary Judgment, claiming entitlement to equitable relief and enforcement of the terms of the Plan through the imposition of a constructive trust or equitable lien. Plaintiff opposed Defendants' motion and filed a separate Motion for Summary Judgment on March 15, 2011 asking the court to dismiss Defendants' claims.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment should be granted when there is "no genuine dispute as to any material fact" and judgment may be given as a matter of law. A fact is material when it creates substantial doubt as to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986); *see David v. Alphin*, 817 F. Supp. 2d 764 (W.D.N.C. 2011). To determine what constitutes a material fact, the court must examine substantive law, and may look at the pleadings, discovery, affidavits, and disclosure material on file. *Anderson*, 447 U.S. at 248; *Sinclair v. Mobile 360 Inc.,* 417 Fed. Appx. 235, 241 (4th Cir. 2011). The moving party possesses the burden of production, and all inferences must be drawn in favor of the non-moving party. *Provident Life & Accident Ins. Co. v. Sanders,* 2011 WL 1239816, at *1 (W.D.N.C. Oct. 25, 2011); *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Specifically with regard to cross-motions for summary judgment, the court "must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003); *Race City Fasteners, Inc. v. Selective Ins*. Co., 2007 WL 1340404, at *2 (W.D.N.C. May 3, 2007).

In opposing a Motion for Summary Judgment, the non-moving party may not "rest upon the mere allegations or denials of [her] pleadings." Fed. R. Civ. P. 56(e). The non-moving party must instead "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). This requires the party to reference and cite materials in the record. *Sanders*, 2011 WL 1239816, at *1. Thus, a successful motion for summary judgment demonstrates (1) that there are no material issues of fact, and (2) that the party is entitled to judgment as a matter of law.

### III. ANALYSIS

This case comes before the Court on Defendants' Motion for Summary Judgment seeking a constructive trust or equitable lien under 29 U.S.C. § 1132(a)(3).[1] In opposition to this motion, Plaintiff filed her own request for summary judgment and argued that monetary reimbursement to a health insurance plan was not considered "equitable" under the statute. No material facts are in dispute, and the question before the Court is purely legal. As such, the outcome of this case is governed by the interpretation of two Supreme Court rulings, *Great-West Life & Annuity Ins. Co., et al. v. Knudson*, 534 U.S. 204 (2002) and *Sereboff v. Mid Atlantic Medical Serv., Inc.,* 547 U.S. 356 (2006), and a determination of whether Defendants' requested relief is equitable in nature.

Plaintiff contends that the present case is controlled by *Knudson*, in which the Supreme Court determined that a contractual obligation to pay money imposed personal liability on respondent and therefore did not constitute equitable relief. Plaintiff applies this reasoning to the present case and maintains that her contractual duty to reimburse the Plan is not equitable in

---

[1] 29 U.S.C. § 1132(a)(3) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain other appropriate *equitable relief* to redress such violations or to enforce any provisions of this subchapter or the terms of the plan." (emphasis added).

Page 4 of 9

nature, and thus is an inappropriate form of relief under 29 U.S.C. § 1132(a)(3). In contrast, to support their argument for equitable relief under 29 U.S.C. § 1132(a)(3), Defendants rely on the Supreme Court's decision in *Sereboff*. In *Sereboff*, the Court addressed the similar question of whether monetary reimbursement to the Employee Retirement Income Security Act ("ERISA") Plan was equitable in nature. *Sereboff*, 547 U.S. at 369. Contrary to the holding in *Knudson*, the Supreme Court determined that when a petitioner recovers a *particular* fund from respondents, a constructive trust or equitable lien is an equitable remedy. *Sereboff* served to clarify the Court's holding in *Knudson* and restricted *Knudson* to specific factual circumstances. This Court finds the present case distinguishable from *Knudson* and subject to the holding in *Sereboff*.

In *Knudson*, the respondent was rendered a quadriplegic in a car accident and received advance medical payments through respondent's health insurance plan. *Knudson*, 534 U.S. at 207. The plan contained a reimbursement provision stating that the plan has the right to recover any benefits paid by the plan that the beneficiary recovers from a third party. *Id.* Following the accident, respondent recovered against Hyundai Motor Company, a third party. The parties to that action "negotiated a $650,000 settlement . . . . This allocated $256,745.30 to a Special Needs Trust . . . to provide for [respondent's] medical care; $373,426 to attorney's fees and costs; $5,000 to reimburse the California Medicaid program; and $13,828.70 to satisfy Great-West's claim under the reimbursement provision of the Plan." *Id.* at 207–08. Because Great-West originally paid respondent $411,157.11 for medical bills, Great-West filed suit to reclaim all proceeds respondent recovered from the settlement, not just the $13,828.70 allocated to Great-West by the court. *Id.* at 208.

In deciding Great-West's claim, the Supreme Court first determined whether the monetary reimbursement sought by Great-West was equitable in nature, as required by statute.

The Court held that under the circumstances, Great-West's claim for monetary relief was *not* equitable because it imposed personal liability on the respondent for a contractual obligation. *Id.* at 210. The Court reasoned, "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214. The funds Great-West sought to recover were not in respondent's possession. Instead, the disbursements from the settlement were paid by two separate checks. One check was given to the Special Needs Trust and the second check was made payable to respondent's attorney for attorney's fees. *Id.* Thus, the Court concluded that Great-West was trying to impose personal liability on respondent since she did not have constructive or actual possession of the settlement proceeds. Within these circumstances, the Court held that monetary reimbursement under a contractual provision was not equitable in nature and thus relief could not be granted under the statute.

In contrast, the Supreme Court in *Sereboff* held that monetary reimbursement *could* constitute equitable relief so long as the funds were within respondent's possession. In *Sereboff*, Mid Atlantic Medical Services brought an action seeking equitable relief in the form of a constructive trust or equitable lien on settlement payments received by the Sereboffs following an automobile accident. *Sereboff*, 547 U.S. at 360. Like the respondent in *Knudson*, the respondents in *Sereboff* received advance medical payments under their ERISA Plan with a contractual obligation to reimburse the plan from any third party settlement funds. *Id.* at 359. The Sereboffs objected to Mid Atlantic's request for repayment, arguing that the monetary relief sought by petitioners was not equitable relief within the meaning of 29 U.S.C. § 1132(a)(3). In formulating this contention, the Sereboffs based their argument on the prior Supreme Court holding in *Knudson*.

Page 6 of 9

Case 5:10-cv-00021-RLV-DCK   Document 21   Filed 08/07/12   Page 6 of 9

While the Court in *Knudson* addressed the issue of monetary reimbursement from a respondent to a healthcare plan, the *Sereboff* Court held that a claim for reimbursement via a constructive trust was not analogous because it sought only funds that were in the respondent's possession. *Id.* at 363. Great-West's suit in *Knudson* was not rejected simply because it alleged a breach-of-contract claim and sought monetary payment. *Id.* Instead, the *Knudson* Court dismissed Great-West's suit because Knudson was not in possession of the funds. According to the *Sereboff* Court, "the funds to which [Great-West] claimed an entitlement were not in Knudson's possession, but had instead been placed in a Special Needs Trust under California law." *Id.* at 362 (citations omitted). The funds had thus been judicially allocated by the court and disbursed via two separate checks. *Id.* at 365.

The problem faced by Great-West, however, was not present with Mid Atlantic. The Sereboffs were in actual or constructive possession of the settlement funds and therefore Mid Atlantic did not seek to recover against the Sereboffs' assets generally. *Id.* at 363–64. Mid Atlantic sought identifiable funds within the Sereboffs' control and did not attempt to impose personal liability on the Sereboffs. The Supreme Court therefore distinguished *Knudson* and *Sereboff*, holding that a constructive trust or equitable lien is an equitable remedy, provided that respondent is in possession or control of the funds.

In 2012, the Western District of North Carolina similarly distinguished between the Supreme Court's holdings in *Knudson* and *Sereboff*. In *Tyson Foods, Inc. v. Macklin*, 2012 WL 2342931 (W.D.N.C. June 20, 2012), Plaintiff Tyson Foods had a self-funded employee health benefit plan with Defendant Macklin participating in this plan. After Macklin was injured in an automobile accident, Tyson Foods advanced Macklin $16,475.03 in medical costs. *Id.* at *1. Following Macklin's settlement with third parties, Tyson Foods demanded reimbursement under

the provisions of the plan. The court held that *Sereboff* controlled in this case because the plan contained a clear reimbursement provision and identified a fund distinct from the beneficiary's general assets. *Id*. at *4. In making this determination, the court reasoned, "[t]he plan contains clear and unambiguous reimbursement provisions, identifies a fund distinct from the beneficiary's general assets . . . and identifies a particular share of that fund to which the plan is entitled . . . . The terms of the plan therefore establish an equitable lien by agreement . . . ." *Id.* Moreover, the settlement proceeds were paid directly to Macklin and not placed in a separate trust over which Macklin had no control. *Id.*

The present case aligns almost perfectly with *Sereboff* and *Macklin*. In the case at bar, Plaintiff is covered under a self-funded healthcare plan that requires reimbursement for expenses paid under the Plan should the beneficiary recover any third party settlement in connection with the injury. Defendants advanced $53,311.39 in medical benefits to Plaintiff for injuries sustained in a car accident. Plaintiff, however, refused to reimburse Defendants from the $17,500 settlement she received from Ronnie Lee Moore, a third party involved in the accident. Defendants do not seek recovery of the entire $53,311.39 nor do Defendants seek reimbursement from Plaintiff's $50,000 settlement with the Estate of John Michael Mitchell. The record is unclear as to why Defendants seek recovery only from the $17,500 settlement. Plaintiff admits that she is presently in actual or constructive possession of the settlement funds.

Given that Plaintiff admits she is in possession of the funds, Defendants are not seeking to impose personal liability on Plaintiff or attempting to recover from Plaintiff's assets generally. Defendants are trying to recover a particular fund from Plaintiff. It does not matter that the fund over which the lien is asserted was not in existence at the time the contractual obligation formed. *Sereboff*, 547 U.S. at 366. There is a "familiar rule of equity that a contract to convey a specific

object even before it is acquired will make the contractor a trustee as soon as he gets a title to the thing." *Id.* at 363–64 (citation omitted). Therefore, since Plaintiff is in possession of the settlement funds and Defendants have asserted a claim for a constructive trust or equitable lien, Defendants seek a valid equitable remedy.

Because the Court holds that Defendants' request for a constructive trust or equitable lien is equitable in nature, and Plaintiff and Defendants agree that (1) Defendants provided advance medical payment to Plaintiff under the Plan, (2) the Plan required Plaintiff to reimburse Defendants from any settlements received by third parties in connection with the injury, (3) Plaintiff settled with Ronnie Lee Moore for $17,500, (4) Plaintiff did not reimburse Defendants from the settlement funds, and (5) Plaintiff is in actual or constructive possession of the funds, Defendants are entitled to judgment as a matter of law.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Motion for Summary Judgment be **DENIED**.

Signed: August 7, 2012

Richard L. Voorhees
United States District Judge